BENJAMIN F. MESSINGER, appellant, *v.* JOSEPH GERMAIN, appellee.

### *Appeal from St. Clair.*

The decision of this Court in the case of *Rhinehart v. Schuyler,* declaring the Revenue Laws of 1827 and 1829 constitutional, is re-affirmed.

The Auditor's deed, under the law of 1829, is evidence of the regularity and legality of the sale, until the contrary shall be made to appear.

The fourth section of the Revenue Act of 1827 authorizes a sale of lands for taxes to be continued from day to day, until the same shall be completed. The presumption is, therefore, until the contrary is made to appear, that a sale made on a day subsequent to that provided by law, that the sale was adjourned by the Auditor from day to day until the day of sale.

When a tract of land is sold by the Auditor for taxes, under the Act of 1827, it is to be presumed that it was not listed according to law, or that it belonged to a non-resident, and the burden of proof rests upon the owner to show that it was listed as the law directs.

EJECTMENT, in the St. Clair Circuit Court, by the appellee against the appellant, before the Hon. James Semple, at the May term 1843, when the issue was found for the plaintiff, and judgment was rendered on the finding of the Court.

*G. P. Koerner*, for the appellant:

1. The Auditor's deed is not in compliance with law. The fourth section of the Revenue Act of 1827, (R. L. 335,) requires the Auditor to sell the delinquent lands on the first Monday of January. The deed on its face shows, that the land in question was sold on the 16th day of January, which, by no possibility, could have been the first Monday of the month. It is true that the Auditor may continue the sale from day to day, and that it may have commenced on the first Monday, but that does not appear affirmatively on the deed, and will not be inferred. The deed, therefore, on its face, shows the sale to have been void.

2. The Act of 1829 makes the Auditor's deed *prima facie* evidence of the regularity and legality of the sale. This provision only covers all proceedings which have reference to the sale or mode of selling, and does not extend to other prerequisites. Before the deed of the Auditor or the sheriff can be introduced, the party relying on such an instrument must show that the lands were taxable, and that the taxes remained unpaid. Also, that the lands were properly listed, and in case of an Auditor's deed, it must be shown that the lands sold were liable to be listed by him, or to be sold by him. The cases, when lands can be listed or sold by the Auditor, are specified in the second and twenty fourth sections of the Revenue Act of 1827, and the first section of the Act of 1829. The evidence in the bill of exceptions shows that the land in question was not liable to be listed or sold by the Auditor. The heirs of the Patentee were known, resided in the State at the time, and one of them in the county where the land was situate.

3. The sheriff's deed is not properly acknowledged, not being in conformity with the eleventh section. R. L. 132.

4. The Revenue law, under which the sale was made, is unconstitutional, being against the eighth and twentieth sections of the eighth article of the constitution.

*L. Trumbull*, for the appellee.

The Opinion of the Court was delivered by

LOCKWOOD, J. This was an action of *ejectment*, commenced

by Germain against Messinger, in the St. Clair Circuit Court, to recover the possession of the North West fractional quarter of section twenty eight (28,) in township two (2) north, of range eight (8) west.

The defendant below pleaded "not guilty," and the cause was tried by the Court without a jury, who decided that the plaintiff below had an estate in fee in the premises, and rendered judgment accordingly. Two bills of exceptions were signed on the trial, the object of which appears to be to obtain the opinion of this Court, whether either of several deeds offered in evidence on the part of the plaintiff below were admissible in evidence. One of the deeds offered in evidence was a Sheriff's deed, given on a sale for taxes. It is, however, not deemed necessary to notice the objections to this deed, as it is conceded in the bill of exceptions, that the plaintiff below was entitled to recover, if the Auditor's deed also offered in evidence, was properly received in evidence. The Auditor's deed offered in evidence was dated on the seventeenth day of January, 1832, and recites that the Auditor, on the sixteenth day of January, 1830, at the town of Vandalia, in conformity with all the requisites of the several Acts in such cases made and provided, exposed to public sale the premises in question, for the sum of one dollar and seventy cents, being the amount of the tax for the year 1829, with the interest and cost chargeable on said tract of land, and that at the time and place aforesaid, William Kinney offered to pay the aforesaid sum of money for the whole of said tract of land, which was the least quantity bid for the same, and that said Kinney had paid the said sum of one dollar and seventy cents into the Treasury of the State; wherefore said Auditor granted and sold said premises to said Kinney, his heirs and assigns, subject to redemption, as provided by law.

The hand writing of the Auditor was proved, but no evidence was offered to prove that the Auditor had complied with the pre-requisites of the statutes, before the sale. The reading of the Auditor's deed was objected to by the defendant below, and the objection overruled, and the deed read as evidence, and an exception taken. It further appears from

one of the bills of exception, that the defendant proved that at the time of the Auditor's sale of the land described in his deed, that George W. Payne and Joseph Payne were the patentees of the premises described in the plaintiff's declaration, and that said George, at the said last mentioned time was a resident of St. Clair County, and Joseph Payne resided in Galena, and that it appeared in evidence, that the said Joseph W. Payne and George Payne were the only patentees for the premises claimed.

The questions presented for our consideration are : *First,* Whether the revenue laws, under which the premises were sold by the Auditor, are constitutional ; *Second,* Whether the Auditor's deed given in evidence was *prima facie* evidence of the regularity and legality of the sale ; and *Third,* Whether the Auditor could legally sell the premises, there being evidence that one of the patentees, or owners of the land, resided at the time of the sale, in the County of St. Clair, where the land is situated.

The first question made in this case was settled by this Court in the case of *Rhinehart* v. *Schuyler*,\* decided at the last term. The Court there held that the Act entitled "*An Act to provide for raising a revenue*," passed February 19th, 1827, and the Act entitled "*An Act supplemental to an Act entitled 'An Act to provide for raising a revenue,'*" passed January 19th, 1829, were constitutional.

The second question made in this case was determined by this Court in the case of *Vance* v. *Schuyler*,† (*ante*, 160,) decided at the present term. The Court, in delivering their opinion in that case, say, that the ninth section of the Act entitled "*An Act supplemental to an Act entitled 'An Act to provide for raising a revenue,'*" Gale's Stat. 569, "has repealed that rule of strict construction, applied to the exercise of naked powers uncoupled with an interest in relation to this sale, and it requires us to take a liberal and fair view

---

\* The Opinion of the Court was delivered at the December term 1845, and will appear in the next volume of these Reports.

† The Reporter committed an error in the second line of his syllabus to the case cited. The figures "1827" and the word "and" following them should be omitted.

Messinger *v.* Germain.

upon exceptions taken to the sale, and, throwing the burden of proof upon the objector, to allow such only as apply to the real merits of the case. This deed, then, was *prima facie* sufficient for the plaintiff, without other evidence connected with it, in relation to the sale." It was, however, urged on the argument of this case, that by the fourth section of the revenue law, passed in 1827, that the Auditor was required to sell lands for taxes on the first Monday of January in each year, and the sale, having taken place on the 16th day of January, was illegal, and consequently void. This objection is not sound. The same section provides, that "the sale shall be continued from day to day, until the same shall be completed." This provision clearly authorizes the Auditor to continue the sale until all the delinquent lands should be sold. According to the spirit of the Act of 1829, we are bound to presume, until the contrary shall be made to appear, that the Auditor adjourned the sale of the lands for taxes until the day on which this tract of land was sold.

The third point presented in this case requires some consideration. By the Revenue Act passed in 1827, it is provided that residents of the different counties of this State shall list for taxation, their lands in the counties in which they shall respectively reside, and if they shall make default in the payment of their taxes, the sheriffs of the different counties where such lands are listed for taxation, and are situated, are authorized to sell them. But by the third section of the Revenue Law passed in 1829, it is provided "that the county treasurer shall finish taking in the list of taxable property, and make his return to the clerk of the County Commissioners' Court, on or before the first day of July annually; and on or before the fifteenth day of July, the clerk of the County Commissioners' Court shall transmit to the Auditor, by mail, a transcript of all lands not listed in the county; and all lands not listed in the county shall be sold as non-resident lands by the Auditor." The Auditor having sold this tract of land, it is fairly to be presumed that the owners had not listed it for taxation in the county of St. Clair. If they had neglected their duty in this particular, the Auditor was bound to

consider the land as belonging to non-residents, and sell it as other non-resident lands. The burden of proving that the premises were listed for taxation in St. Clair county, rested on the defendant below. It was an affirmative fact, easily susceptible of proof if it existed, and necessary to be proved to defeat the Auditor's deed, which is declared by the Act of 1829, "shall be evidence of the regularity and legality of the sale until the contrary be made to appear." The evidence, however, does not establish the fact, that either of the owners or patentees of the land were residents of the county of St. Clair, at the time the lands should have been listed for taxation. The fact that one of them resided there, when the Auditor sold the land, furnishes no legal presumption that he resided there on the first day of July, preceding the day of sale. The defendant consequently wholly failed to prove that the Auditor was not by law authorized to sell the land in controversy.

The judgment below is consequently affirmed, with costs.

*Judgment affirmed.*